IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Ricardo Fishburne, | ) |
|         Plaintiff, | ) Civil Action No. 8:23-cv-05469-TMC-WSB |
| vs. | ) **ORDER** |
| SC Department of Corrections, Lt. Banks, Lt. Ward, Capt. Cleave, Lt. Jones, Ofc. Jackson, Classification Jackson, Director Bryan Stirling, Regional Director W. Davis, Warden Nelson, Central Classification, and Gilliam Psych Hospital, | ) |
|         Defendants. | ) |

*Pro se* Plaintiff Ricardo Fishburne filed this 42 U.S.C. § 1983 claim in state court on September 13, 2023, alleging an Eighth Amendment claim for reckless indifference, failure to protect, and gross negligence following a physical altercation with fellow inmates on March 10, 2022. (ECF No. 1-1). As part of the relief sought in his complaint, Plaintiff requested the court ensure he stays in the protective custody "program ***he's in right now***." *Id*. at 19 (emphasis added). The defendants removed the action to federal court shortly thereafter, (ECF No. 1), and, pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B), D.S.C., this matter was referred to a magistrate judge. Plaintiff subsequently filed numerous motions, including the present motion for a preliminary injunction, requesting: (1) the court issue an order preventing the South Carolina Department of Corrections ("SCDC") from using inmates to harass Plaintiff through a cellphone program; and (2) the court stop SCDC from violating its own protective custody policy. (ECF No. 43). The defendants filed a response in opposition to the motion. (ECF No. 51). Now before the court is the magistrate judge's Report and Recommendation ("Report"), recommending the motion

1

for preliminary injunction be denied on the basis that Plaintiff failed to meet the test for a preliminary injunction as set forth in *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7 (2008). (ECF No. 76). Plaintiff filed objections to the Report, (ECF No. 84), and this matter is ripe for a ruling. For the reasons stated herein, the court denies the motion.

## STANDARD OF REVIEW

The recommendations set forth in the Report have no presumptive weight, and this court remains responsible for making a final determination in this matter. *Elijah v. Dunbar*, 66 F.4th 454, 459 (4th Cir. 2023) (citing *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). The court is charged with making a *de novo* determination of those portions of the Report to which a specific objection is made, and the court may accept, reject, modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). Thus, "[t]o trigger de novo review, an objecting party 'must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection.'" *Elijah*, 66 F.4th at 460 (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)). However, the court need only review for clear error "those portions which are not objected to—including those portions to which only 'general and conclusory' objections have been made[.]" *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017); *see also Elijah*, 66 F.4th at 460 (noting that "[i]f a litigant objects only generally, the district court reviews the magistrate's recommendation for clear error only"). Furthermore, in the absence of specific objections to the Report, the court is not required to give any explanation for adopting the magistrate judge's recommendation. *Greenspan v. Bros. Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).

Additionally, since Plaintiff is proceeding *pro se*, this court is charged with construing his pleadings and filings liberally to allow for the development of a potentially meritorious case. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017) (noting that "when confronted with the objection of a *pro se* litigant, [the court] must also be mindful of [its] responsibility to construe *pro se* filings liberally"). Accordingly, "when reviewing *pro se* objections to a magistrate's recommendation, district courts must review *de novo* any articulated grounds to which the litigant appears to take issue." *Elijah*, 66 F.4th at 460–61. This does not mean, however, that the court can ignore a *pro se* party's failure to allege or prove facts that establish a claim currently cognizable in a federal district court. *See Stratton v. Mecklenburg Cnty. Dep't of Soc. Servs.*, 521 Fed. App'x 278, 290 (4th Cir. 2013) (noting that "'district judges are not mind readers,' and the principle of liberal construction does not require them to 'conjure up questions never presented to them or to construct full-blown claims from sentence fragments'" (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277–78 (4th Cir. 1985))).

## DISCUSSION

In his motion for a preliminary injunction, Plaintiff asks the court to enjoin SCDC from using inmates to harass him through its cellphone program and from violating its protective custody policy. The court's authority to issue a preliminary injunction arises from Rule 65 of the Federal Rules of Civil Procedure, but it "is an extraordinary remedy never awarded as of right." *Winter v. Nat'l Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). A party seeking a preliminary injunction must clearly establish all four of the following elements: (1) it "is likely to succeed on the merits"; (2) it "is likely to suffer irreparable harm in the absence of preliminary relief"; (3) "that the balance of equities tips in [its] favor"; and (4) "that an injunction is in the public interest." *Id.* at 20; *see Henderson for Nat'l Labor Rels. Bd. v. Bluefield Hosp. Co., LLC*, 902 F.3d 432, 439 (4th

3

Cir. 2018) (stating "*Winter* made clear that *each* of these four factors must be satisfied to obtain preliminary injunctive relief") (emphasis in original).

In the Report, the magistrate judge recommended that the motion for preliminary injunction be denied. (ECF No. 76). While it is difficult to decipher and discern the arguments in Plaintiff's objections, liberally construing the same, it appears that he simply repeats the arguments in his complaint and motion addressed in the Report. (ECF No. 84). He reasserts allegations regarding the use of cellphones and tablets in the prison system, news reports, "leaks", prior alleged assaults, and prior administrative requests. *Id*. However, Plaintiff does not address the findings of the magistrate judge that he, among other things, seeks relief beyond the authority of the court to grant.

As to Plaintiff's request that the court enjoin SCDC from using its cellphone program, Plaintiff argues SCDC controls the inmates housed near him through cellphones and/or tablets. (ECF Nos. 43; 43-1 at 5). Through SCDC's use of this "cellphone program," or "cellphone network," which Plaintiff alleges SCDC endows, those inmates threaten, harass, and disrespect Plaintiff by, for example, throwing feces at him. (ECF No. 43 at 3). He maintains all prisons are like this towards him because SCDC controls the program. *Id*. Thus, he requests the court enjoin SCDC from using this program to harm him. *Id*. at 2.

The court has thoroughly reviewed, in accordance with the standard set forth above, Plaintiff's rambling and at times incoherent 100-page complaint as well as the motion, Report, objections, and accompanying exhibits, including the exhibit wherein Plaintiff alleges "that in the midst of [SCDC] conducting this government [n]etwork[,] an accident happened while conducting dangerous government ideals" and "[SCDC] was reckless [in] putting [Plaintiff] on the frontline." (ECF No. 84-2 at 4). The court finds Plaintiff has failed to show sufficient evidence of the existence of this alleged cellphone program. Without evidence of a program, the court cannot find that it is

4

clear Plaintiff will suffer irreparable harm without enjoining such program. Stated differently, the court cannot enjoin SCDC from enforcing a program when there is insufficient evidence such program exists. Accordingly, Plaintiff has not satisfied the second *Winter* factor. Therefore, the court **DENIES** Plaintiff's request for an injunction on this issue.

As to Plaintiff's request that the court enjoin SCDC from violating its protective custody policy, Plaintiff posits this policy requires statewide protective custody for inmates who have a record of being assaulted. (ECF No. 43 at 2). Plaintiff provides he had "an extensive record of being assaulted" even before the March 10, 2022 attack; therefore, he contends he should have been in protective custody in March 2022. *Id*. Plaintiff's argument on this issue focuses on his allegation that SCDC's failure to comply with its protective custody policy prior to the March 2022 assault caused his resulting injuries. (ECF No. 84 at 7-8). However, such argument does not warrant injunctive relief as it concerns *prior* harm and not actual *and imminent* threats of harm. *See Direx Israel, Ltd. v. Breakthrough Medical Corp.*, 952 F.2d 802, 812 (4th Cir. 1991) (explaining "the required 'irreparable harm' must be 'neither remote nor speculative, but actual and imminent'") (quoting *Tucker Anthony Realty Cop. v. Schlesinger*, 888 F.2d 969, 975 (2d Cir. 1989)).

To the extent his motion could possibly be interpreted as seeking an injunction to order SCDC to enforce its protective custody policy based on some *present* threat of harm, the court finds Plaintiff is nonetheless unable to establish the second *Winter* factor. As he mentioned in his complaint, Plaintiff is currently in protective custody. *See* ECF No. 1-1 at 19 (where Plaintiff asks "the court ensure [he] stays in the protective custody program via issuing an injunction to ensure [*he*] ***stays in the P.C. Program he's in right now***"). At no point in his motion or subsequent objections to the Report does Plaintiff indicate his custody status has changed since filing his

5

complaint. Therefore, since, per Plaintiff, he is currently in protective custody and he has made no indication his custody status is in jeopardy, the court cannot find that Plaintiff has made a clear showing of immediate and irreparable injury without the injunction he seeks.

## CONCLUSION

Accordingly, for the reasons set forth by the magistrate judge and set forth herein, the court adopts the recommendation in the Report and **DENIES** Plaintiff's motion for a preliminary injunction at ECF No. 43.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
October 31, 2024

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.